UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,      :
                                                         :
           Plaintiff,              :          **MEMORANDUM AND ORDER**
                                                         :
           -against-               :          07-CR-14 (DLI)
                                                         :
THOMAS W. QUALLS,             :
                                                         :
           Defendant.            :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Defendant is charged in a nineteen-count indictment with various wire and mail fraud, obstruction of justice, and money laundering offenses, stemming from an alleged securities trading fraud scheme. The government alleges that, from 2001 to 2003, Defendant, with others, defrauded the investors of a company he managed, International Foreign Currency, Inc. ("IFC"). The government charged Defendant with, *inter alia*, money laundering ("Count 16") and engaging in unlawful monetary transactions ("Count 17"). In support of its allegations, the government intends to introduce into evidence at trial certain foreign business records from IG Markets Ltd. ("IG"), a London-based currency and derivatives trading firm. IFC maintained a foreign currency exchange account with IG during the period relevant to this case. The government seeks to establish the authenticity of this evidence by a certification from Jeremy Clivas, IG's Group Head of Compliance (the "Clivas Certification").

Defendant filed the instant motion seeking dismissal of Counts 16 and 17, contending that these counts violate the rule against duplicitous counts. Alternatively, Defendant seeks an order, pursuant to Rule 7(f), requiring the government to provide him with a bill of particulars identifying

1

each financial transaction that supports Counts 16 and 17. Additionally, Defendant challenges, on Sixth Amendment grounds, the government's reliance on a certification to authenticate the IG records. To remedy the alleged constitutional violation, Defendant seeks an order either (i) requiring the government to produce a live witness to provide foundational support for admission of the IG records or (ii) permitting Defendant to depose an appropriate IG employee pursuant to Rule 15. The government opposes the motion in its entirety. For the reasons set forth below, Defendant's motion is denied in all respects. The court holds that Counts 16 and 17 are not duplicitous and the motion for a bill of particulars is denied as the court previously denied a motion for a bill of particulars made by Defendant's prior attorney.[1] Further, the court holds that authentication of foreign business records by certification as set forth in 18 U.S.C. § 3505 does not violate the Defendant's Sixth Amendment rights.

## DISCUSSION

**I. Duplicity**

Under the Federal Rules of Criminal Procedure, each count in an indictment must charge the defendant with no more than one distinct offense. *See* Fed. R. Crim. P. 7, 8(a); *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001). A count is duplicitous, if it contains allegations of more than one offense; however, dismissal is required only if a count is prejudicial to the defendant and, thus, *impermissibly* duplicitous. *See Sturdivant*, 244 F.3d at 75 (remanding for re-sentencing in compliance with the rule against duplicitous charges).

---

[1] The court notes that while the previous motion for a bill of particulars decided by the court (*see* Minute Entry November 9, 2007) relates to the original indictment and the instant motion relates to the superceding indictment, Counts 16 and 17 were included in the original indictment and do not differ in the superceding indictment.

Defendant seeks dismissal of Count 16 (money laundering), and Count 17 (unlawful monetary transactions), as impermissibly duplicitous. These counts pertain to multiple financial transactions, occurring from May 2001 to August 2003, involving wire and mail fraud. There is no need to determine whether these counts, as charged, are prejudicial to Defendant. As a threshold matter, neither count is duplicitous. It is well settled that "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989). As Defendant concedes, the rule against duplicitous charges is not violated by money laundering (§ 1956) counts that include multiple financial transactions, if each transaction is "part of a unified scheme." Def. Mem. at 3; *United States v. Moloney*, 287 F.3d 236, 241 (2d Cir. 2002) (permitting the government to aggregate numerous financial transactions in one money laundering count under § 1956 as a continuing scheme). The government's prosecution of multiple financial transactions in Count 16 as a unified money laundering scheme properly constitutes one offense for duplicity purposes.

The court declines Defendant's invitation to disregard Second Circuit precedent on this issue for precedent more favorable to Defendant from another circuit. The concern articulated in *Moloney*—the efficiency gained by charging related money laundering offenses in one count instead of numerous counts—justifies extending its holding to the charging of unlawful monetary transactions in violation of § 1957. This statute, too, targets fraudulent financial schemes. Schemes can consist of just one transaction or hundreds. If the government was unable to aggregate the financial transactions underlying an unlawful monetary transaction charge into one count as a single unified scheme, the government would be required to engage in the "cumbersome and largely

3

pointless" action of charging defendants with a separate count for "every interest payment" made. *Id*. The government's prosecution of multiple financial transactions in Count 17 as a unified scheme to engage in unlawful monetary transactions is permissibly charged as one count. Accordingly, Defendant's motion to dismiss Counts 16 and 17 is denied.

Alternatively, Defendant contends that an order compelling the government to provide a bill of particulars is necessary to determine if the financial transactions underlying these counts constitute one scheme as alleged, or multiple schemes, thereby violating the rule against duplicitous counts. Def. Mem. at 3. The Defendant previously sought, and the court denied, an order compelling the government to provide a bill of particulars and, as such, is the law of the case. *See* November 9, 2007 Order (Docket Entry No. 37). The court sees no compelling reason to change its ruling. *See United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991). Consequently, this request also is denied.

## II. Admissibility of the IG Records

The Confrontation Clause guarantees a criminal defendant "the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. Historically, courts admitted hearsay evidence if it fell "within a firmly rooted hearsay exception or [bore] particularized guarantees of trustworthiness." *See United States v. Feliz*, 467 F.3d 227, 231 (2d Cir. 2006) (discussing the development of Confrontation Clause precedent). In *Crawford v. Washington*, the Supreme Court modified the legal landscape with respect to hearsay evidence that is said to be "testimonial" by nature. *See generally, Crawford v. Washington*, 541 U.S. 36 (2004). The Court abandoned the reliability inquiry, holding that the admission of testimonial hearsay against an accused in a criminal case violates the Confrontation Clause, "unless the declarant is unavailable and the defendant has

4

had a prior opportunity to cross-examine the declarant regarding the statement." *Feliz*, 467 F.3d at 231 (citing *Crawford*, 541 U.S. at 59). "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford*, 541 U.S. at 68-69. The Court declined to provide a comprehensive definition of the term "testimonial"; however, the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id.* at 68. "[T]he principal evil at which the Confrontation Clause was directed was . . . [the] use of ex parte examinations as evidence against the accused." *Id*. at 50. The Court further cautioned that statements produced through the "involvement of government officers and with an eye towards trial" present "the unique potential for prosecutorial abuse." *Id.* at 56 n.7.

Much litigation has ensued over the boundaries of the term "testimonial," namely, the categories of hearsay evidence previously admitted by an exception that now, arguably, should be barred absent the availability of a live witness or the prior opportunity for cross-examination. Amid this ever developing definition, Defendant raises a categorical challenge to the admission of foreign business records authenticated by certification as set forth § 3505. As a preliminary matter, the hearsay exception permitting the admission of business records in a criminal proceeding survived *Crawford*. Business records, as defined in Rule 803(6) of the Federal Rules of Evidence, are not testimonial. *See Feliz*, 467 F.3d at 234-35. A business record is, by its very nature, "fundamentally inconsistent with what the Supreme Court has suggested comprise the defining characteristics of testimonial evidence." *Id.* at 234-35. It is "not prepared for litigation," rather, it is "prepared in the ordinary course of regularly conducted business." *Id*. at 235. For purposes of Confrontation Clause analysis, there is no difference between business records kept by domestic entities from those kept

5

by foreign entities. Defendant does and cannot argue that the IG bank account statements and financial records are not the typical business records contemplated in Rule 803(6). The admission of such nontestimonial records has survived *Crawford*.

Defendant specifically raises a *Crawford* challenge to the proposed method of authenticating the IG records—by certification of an IG employee pursuant to 18 U.S.C. § 3505. This statute permits the government to authenticate foreign business records by certification by meeting certain requirements. Defendant does not challenge the Clivas Certification as lacking any of the § 3505 requirements; rather, he contends that *Crawford* nullified § 3505 certifications as they fit squarely within the boundaries of what is said to be "testimonial" hearsay. They are, according to Defendant, "produced through the involvement of government officers and with an eye towards trial." *See* Def. Mem. at 5. Defendant suggests, in light of *Crawford*, that there are only two permissible procedures for authenticating foreign business records: the testimony at trial of a live witness or a Rule 15 pre-trial deposition.

This issue is a matter of first impression in the Second Circuit with implications beyond just the challenged procedure. Certification pursuant to § 3505 is just one option available to litigants to authenticate business records, as set forth in Rule 803(6). A party may demonstrate the foundation or authenticity of a business record by "testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification . . . ." F.R.E. 803(6). Defendant's challenge to § 3505 certifications may be construed more broadly as a general challenge to certifications that dispense with the necessity of live witnesses.

The court finds opinions from other circuits resolving *Crawford* challenges to the certification methods available for authentication of domestic business records instructive and persuasive. The few circuits to address such challenges have rejected them. *See United States v. Adefehinti*, 510 F.3d 319, 327-28 (D.C. Cir. 2008) (holding that authentication by a 902(11) certification is permissible under *Crawford*); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (same); *cf. United States v. Jimenez*, 513 F.3d 62, 77-80 (3d Cir. 2008) (holding as harmless error the admission of and reliance on 902(11) certifications and other statutory IRS certifications of tax records); *United States v. Morgan*, 505 F.3d 332, 338-39 (5th Cir. 2007) (per curium) (recognizing the holdings of other circuits permitting authentication by certification as persuasive).

This court holds that the authentication of foreign business records pursuant to § 3505 does not violate the Confrontation Clause. In the context of traditional hearsay exceptions, the Supreme Court noted that business records "by their nature were not testimonial." *Crawford*, 541 U.S. at 56. The court cannot envision that the Supreme Court expressed continued support for the admission of a category of records yet prohibited the admission of records necessary to authenticate them. *See Ellis*, 460 F.3d at 927 ("Given the records themselves do not fall within the constitutional guarantee provided by the Confrontation Clause, it would be odd to hold that the foundational evidence authenticating the records do."). Moreover, in complex cases such as this one, that involve the admission of business records from numerous sources, including foreign entities, a holding as Defendant suggests would dramatically decrease judicial efficiency at minimal or no gain to the truth-seeking process. This is particularly true in light of today's global economy and the facilitation of international financial transactions by the advent of modern technology such as the internet. The government would be required to call a live witness or to accompany the defendant on a deposition

7

abroad to lay the foundation for the business records of each foreign entity it sought to introduce. Such procedures for admission of foundational evidence would swallow up the efficiency gained by the exception. *Cf. Crawford*, 541 U.S. at 76 (Rehnquist, C.J., concurring) (commending the efficiency of the business records exception and noting that, without it, parties would be required to call "numerous additional witnesses without any apparent gain in the truth-seeking process"); *United States v. Strickland*, 935 F.3d 822, 931 (7th Cir. 1991) (noting that Congress enacted the § 3505 certification process "to streamline the admission of [foreign business] records").

The court recognizes that § 3505 certifications are, at least superficially, statements attested to and "produced through the involvement of government officers . . . with an eye towards trial." Typically, these certifications are prepared at request of and in concert with the government. They are, however, "a far cry from the threat of *ex parte* testimony that *Crawford* saw as underlying, and in part defining, the Confrontation Clause." *Adefehinti*, 510 F.3d at 328. As an example of the historic and abusive admission of testimonial hearsay at issue in *Crawford*, the Court referred to the *ex parte*, extrajudicial confessions used to secure a death sentence in the treason trial of Sir Walter Raleigh in 1603. *See Crawford*, 541 U.S. at 44-45. By contrast, § 3505 certifications do not contain any information about defendants, the relative merits of the charges against defendants, or any factual support for the charges. They simply attest to the reliability of "the procedures necessary to create a business record." *Ellis*, 460 F.3d at 927. The court finds no violation of the Confrontation Clause by admitting, against an accused in a criminal case, § 3505 certifications to authenticate foreign business records. Accordingly, Defendant's request for an order directing the government to produce an authentication witness at trial or for permission to take a Rule 15 deposition is denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion is denied in its entirety.

SO ORDERED.

DATED:   Brooklyn, New York
         May 19, 2008

                                              _____/s/_____
                                                  DORA L. IRIZARRY
                                                United States District Judge