**JAMES R. FROCCARO, JR.**
Attorney at Law
7 Old Shore Road
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5064
email: **JRFESQ61@aol.com**

January 14, 2009

BY ECF
Hon. Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:  United States v. Thomas W. Qualls
            07 Cr 14 (DLI)

Dear Judge Irizarry:

    I am writing to Your Honor on behalf of Eldon and Mary Lou Qualls, who are sureties on their son Thomas' $250,000 Appearance Bond in this matter. By an Order dated December 16, 2008, the sureties were notified that unless Thomas surrenders to the Court on or before January 15, 2009, the Court would not set aside the forfeiture, and would entertain the government's motion for a default judgment. To date, the defendant has not surrendered. Clearly, the defendant has no concern with whether his elderly and infirm parents will be rendered homeless by virtue of his actions.

    Eldon Qualls is 78 years old and suffers from, among other things, congestive heart failure and emphysema. Mary Lou Qualls is 75 years old and suffers from high blood pressure and rheumatoid arthritis. Both parents are retired and living primarily off of social security income.

    The unfortunate reality is that the entry of a default will result in the United States of America being vested in right, title and interest to Eldon and Mary Lou Qualls' home located at 9165 Elida Road, Spring Hill, Florida, and their ultimately being removed from the premises. According to Your Honor's Order, a receiver will then be appointed to take possession of the property, sell the property, and apply the proceeds towards satisfaction of the defendant's and sureties' obligation for the $250,000 bail.

    By this letter, I am respectfully asking Your Honor to consider an alternative to rendering Eldon and Mary Lou Qualls immediately homeless. The Qualls would be willing to rent the premises for a reasonable monthly sum during the pendency of the sale of their home – with the rent proceeds to be applied to their money obligations under the bond. This proposal is an attempt to make the best out of a very bad situation.

    It is my understanding that there is a hearing scheduled in this matter for January 15, 2009, at 3:30 p.m. I will be present in court for the hearing. My clients are unable to travel from Florida for the hearing.

                          Respectfully yours,

                                  /JRF/

                          James R. Froccaro, Jr.

JRF:tp