
FILED
U.S. CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
FEB 10 2009
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

THOMAS W. QUALLS,

               Defendant.

    -and-

MARY LOU QUALLS and
ELDON QUALLS,

                Sureties
------------------------------------------------------x

**ORDER OF JUDGMENT
DIRECTING FORFEITURE
OF REAL PROPERTY AND
THE APPOINTMENT OF RECEIVERS**

07-CR-14(DLI)

**DORA L. IRIZARRY, United States District Judge:**

The United States of America (the "Government") moved for an order: (1) directing the Clerk of the United States District Court for the Eastern District of New York to enter judgment on the forfeiture of the bail bond posted on behalf of THOMAS QUALLS as defendant (the "Defendant") by MARY LOU QUALLS and ELDON QUALLS as sureties (collectively, "the SURETIES"), in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00); (2) forfeiting to and vesting in the United States of America all right, title and interest in the premises and real property located at 9165 Elida Road, Spring Hill, Florida 34608, owned by MARY LOU QUALLS and ELDON QUALLS ("the PROPERTY"), and posted as security for THOMAS QUALLS's bail bond, which is more fully described as follows:

> All that tract or parcel of land lying and being in Hernando County, Florida, Lot 9, Block 1398, Spring Hill Unit 21, as per plat thereof, recorded in Plat Book 9, Pages 81-96, of the public records of Hernando County, Florida;

(3) directing the United States Marshal to place the United States of America in immediate peaceful and exclusive possession of the PROPERTY, pursuant to Title 18, United States Code, Section 3146(d); and (4) appointing a receiver ("the RECEIVER"), pursuant to Rule 69 of the Federal Rules of Civil Procedure and the laws of Florida, to take possession of and to sell the PROPERTY and apply the sale proceeds in partial satisfaction of any prior liens and encumbrances and the judgment entered against THOMAS QUALLS and the SURETIES.

By Declaration of Assistant United States Attorney Daniel A. Spector dated November 14, 2008, submitted in support of the Government's application, the government demonstrated to the court's satisfaction that the Defendant violated the conditions of his release. By Order dated December 16, 2008, the court gave the parties and their attorneys notice of the forfeiture proceeding and hearing pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3146(a). The Order was timely and duly served on the parties and their counsel. The court held a hearing on January 15, 2009, attended by counsel for the Government, counsel for Defendant, who remained a fugitive, and counsel for the SURETIES, whose presence was excused by the court.

As the Defendant remained a fugitive and the SURETIES failed to secure his presence before the court as required under Rule 46, the court orally entered an Order directing that judgment be entered on forfeiture of the bail bond posted on behalf of defendant by Mary Lou Qualls and Eldon Qualls in the amount of $250,000, and authorizing the Government to seize the property, appointing the United States Marshal for the Eastern District of New York as receiver, directing sale of the property to satisfy the bond, and allowing Mary Lou Qualls and Eldon Qualls to remain in the property subject to certain conditions for two weeks so they could find a place to live. Accordingly, it is hereby

ORDERED that the Clerk of the United States District Court for the Eastern District of New York is directed to enter judgment against the defendant THOMAS QUALLS, as principal, and the SURETIES, as sureties, jointly and severally in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00); and it is further

ORDERED that the premises and real property located at 9165 Elida Road, Spring Hill, Florida 34608, owned by MARY LOU QUALLS and ELDON QUALLS, posted as security for THOMAS QUALLS's bail bond, is hereby forfeited to and vested in the United States of America; and it is further

ORDERED that the United States Marshal is directed to place the United States of America in immediate peaceful and exclusive possession of the PROPERTY pursuant to Title 18, United States Code, Section 3146; and it is further

ORDERED that the United States Marshal for the Eastern District of New York is hereby appointed receiver of the PROPERTY; and it is further

ORDERED that the RECEIVER take such steps as are reasonably necessary to sell the real property and to preserve it during the period of the receivership estates; and it is further

ORDERED that the RECEIVER may incur such expenses that are reasonable and necessary to preserve and to sell the real property, including, but not limited to, brokers' fees and commissions, utilities, heat, insurance, local taxes, legal fees, accountants' fees, managing agent fees or commissioner; and it is further

ORDERED that the RECEIVER obtain three appraisals of the real property from disinterested licensed real estate brokers familiar with the value of similar parcels in the locale where the parcel is located, and submit copies of the appraisals to the Court, to the party having pledged

the parcel, and to the attorney for the United States of America, with a copy of any contract of sale entered into for the parcel; and it is further

ORDERED that within ten days after the RECEIVER has served the aforementioned copies of the contracts of sale and the appraisals any interested party may file his or her objection to the proposed sales with the Court; and it is further

ORDERED that out of the gross proceeds of the sales the RECEIVER shall first pay the reasonable and necessary expenses incurred by him/her in preserving and selling the premises; and it is further

ORDERED that the RECEIVER retain five (5) percent of the gross proceeds of the sale of the PROPERTY as his/her commission; and it is further

ORDERED that, if any reasonable and necessary expenses of the RECEIVER must be paid prior to the sale, the RECEIVER shall submit the bills for those expenses to the United States Attorney, who will advance funds to pay those expenses; and it is further

ORDERED that all funds advanced by the United States Attorney to pay expenses incurred by the RECEIVER shall be reimbursed by the RECEIVER to the United States Attorney out of the gross proceeds of sales; and it is further

ORDERED that the proceeds of the sales remaining in the hands of the RECEIVER after payment of the above-described expenses, commissions, and reimbursement to the United States Attorney for funds advanced by him/her, plus the balance on hand of any rent received, shall be applied in partial satisfaction of any prior liens and encumbrances on the property and thenceforth delivered to the United States Attorney and credited against the judgment entered in the above-captioned proceeding; and it is further

ORDERED that the RECEIVER is empowered to execute any and all documents that are necessary for conducting the sale and the title closing; and it is further

ORDERED that the RECEIVER may request, *ex parte*, to have the Court direct the United States Marshal place the Receiver in exclusive peaceful possession of all of the real property; and it is further

ORDERED that during the period of receivership, the Receiver is authorized and directed to:

1. Collect and receive all rents, issues and profits accrued or accruing from any parcel;

2. Employ, discharge, and fix the compensation of all such agents and employees as are necessary for the management and operation of the real property;

3. Pay the essential operating and maintenance expenses and to make such repairs as may be necessary to preserve the real property and prevent its deterioration; and

4. Enter into leases with existing or new tenants of the premises; and it is further

ORDERED that, in addition to the Receiver's commission previously provided for, the Receiver may retain five (5) percent of the gross rents he/she collects during the period of Receivership; and it is further

ORDERED that any funds after payment of the above-described expenses, commissions, and reimbursements, and after the satisfaction of any prior liens and encumbrances on the PROPERTY and the judgment in the above-captioned proceeding, be returned to MARY LOU QUALLS and ELDON QUALLS; and it is further

ORDERED that MARY LOU QUALLS and ELDON QUALLS may remain at the PROPERTY until February 5, 2009, and shall vacate the PROPERTY on that date. However, MARY LOU QUALLS and ELDON QUALLS are hereby directed that they shall not take any action to destroy of diminish the value of said premises and real property.

Dated: Brooklyn, New York
      February 6, 2009
      *nunc pro tunc* to January 15, 2009

                                                s/ DLI
                                            DORA L. IRIZARRY
                                            United States District Judge
                                            Eastern District of New York