FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 19 2011 ★

BROOKLYN OFFICE

UNITED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

THOMAS W. QUALLS,

              Defendant,
    and

MARY LOU QUALLS and
ELDON QUALLS,

              Sureties.
------------------------------------------------------x

**AMENDED ORDER OF JUDGMENT DIRECTING FORFEITURE OF REAL PROPERTY**

07-CR-14(DLI)

**DORA L. IRIZARRY, United States District Judge:**

By Declaration of Assistant United States Attorney Daniel A. Spector dated November 14, 2008, submitted in support of the United States of America's ("Government's") application for an Order of Judgment Directing Forfeiture of Real Property and the Appointment of Receivers, the Government demonstrated to the court's satisfaction that the Defendant had violated the conditions of his release. By Order dated December 16, 2008, the court gave the parties and their attorneys notice of the forfeiture proceeding and hearing pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3146(a). The Order was timely and duly served on the parties and their counsel. The court held a hearing on January 15, 2009, attended by counsel for the Government, counsel for Defendant, who remained a fugitive, and counsel for Mary Lou Qualls and Eldon Qualls (collectively the "Sureties"), whose presence was excused by the court.

As the Defendant remained a fugitive and the Sureties failed to secure his presence before the court as required under Rule 46, the court orally entered an Order on January 15, 2009

directing that: (1) judgment be entered on the forfeiture of the bail bond posted on behalf of defendant by Mary Lou Qualls and Eldon Qualls in the amount of $250,000, (2) authorizing the Government to seize the property, (3) appointing the United States Marshal for the Eastern District of New York as receiver, (4) directing the sale of the property to satisfy the bond, and (5) allowing Mary Lou Qualls and Eldon Qualls to remain in the property, subject to certain conditions, for two weeks so they could find a place to live. This oral Order was memorialized by a written Order of Judgment Directing Forfeiture of Real Property and the Appointment of Receivers issued on February 6, 2009 ("February 6th Order").

On January 12, 2011, the Government moved to amend the February 6th Order in order to permit the United States Marshals Service ("USMS") to maintain and sell the real property located at 9165 Elida Road, Spring Hill, Florida 34608, and described more fully as:

> All that tract or parcel of land lying and being in Hernando County, Florida, Lot 9, Block 1398, Spring Hill Unit 21, as per plat thereof, recorded in Plat Book 9, Pages 81-96, of the public records of Hernando County, Florida (the "real property"),

pursuant to 18 U.S.C. §3146(d) and in a manner consistent with the practice and policies of the USMS and federal law.

Upon due consideration of the Government's motion, the court hereby grants said motion. WHEREFORE, the February 6, 2009 is hereby AMENDED and it is hereby

ORDERED that the Clerk of the United States District Court for the Eastern District of New York is directed to enter judgment against the defendant THOMAS QUALLS, as principal, and the Sureties, as sureties, jointly and severally, in the amount of "Two Hundred and Fifty Thousand Dollars ($250,000.00); and it is further hereby

ORDERED that the premises and real property located at 9165 Elida Road, Spring Hill, Florida 34608, owned by MARY LOU QUALLS and ELDON QUALLS, posted as security for

THOMAS QUALLS' bail bond, is hereby forfeited to and vested in the United States of America; and it is further hereby

ORDERED that the United States Marshal is directed to use any and all necessary and reasonable force to evict any and all persons who unlawfully enter or remain on the real property and to place the United States in peaceful and exclusive possession of the PROPERTY pursuant to Title 18, United States Code, Section 3146; and it is further hereby

ORDERED that the United States Marshal take such steps as are reasonably necessary to sell the real property, subject to any and all liens and encumberances, and to preserve it from the date of its seizure until the date of its sale and disposal according to the terms of this AMENDED ORDER; and it is further hereby

ORDERED that the United States Marshal may incur such expenses that are reasonable and necessary to preserve and to sell the real property, including, but not limited to, brokers' fees and commissions, utilities, heat, insurance, local taxes, legal fees, accountants' fees, managing agent fees or commissions; and it is further hereby

ORDERED that the United States Marshal submit copies of any contract of sale entered into for the parcel to the court, the party having pledged the parcel, and to the attorney for the United States of America, and it is further hereby

ORDERED that within ten (10) days after the United States Marshal has served the aforementioned copies of the contracts of sale, any interested party may file his or her objection to the proposed sale with the court; and it is further hereby

ORDERED that, out of the gross proceeds of the sale, the United States Marshal first shall pay the reasonable and necessary expenses incurred by him/her in preserving and selling the premises; and it is further hereby

ORDERED that, if any reasonable and necessary expenses of the United States Marshal must be paid prior to the sale, the United States Marshal shall submit the bills for those expenses to the United States Attorney, who will advance funds to pay those expenses in accordance with applicable law; and it is further hereby

ORDERED that the United States Marshal is empowered to execute any and all documents that are necessary for conducting the sale and the title closing; and it is further hereby

ORDERED that, during the period between the forfeiture and the sale of the property, the United States Marshal is authorized and directed to:

1. Collect and receive all rents, issues and profits accrued or accruing from any parcel;

2. Employ, discharge, and fix the compensation of all such agents and employees as are necessary for the management and operation of the real property;

3. Pay the essential operating and maintenance expenses and to make such repairs as may be necessary to preserve the real property and prevent its deterioration; and

4. Enter into leases with existing or new tenants of the premises; and it is further hereby

ORDERED that any funds that remain after the payment of the above-described expenses, commissions, and reimbursements on the PROPERTY, and satisfaction of the forfeiture judgment in the above-captioned proceeding, be returned to MARY LOU QUALLS and ELDON QUALLS.

SO ORDERED

Dated: Brooklyn, New York
      January 14, 2011
      *Nunc pro tunc* to January 15, 2009

                              S/DLI

                              DORA L. IRIZARRY
                              United States District Judge
                              Eastern District of New York