```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THOMAS QUALLS, *pro se*,                  :
                                          :
                        Petitioner,       :
                                          :                    **SUMMARY ORDER**
           -against-                      :                    07-CR-14 (DLI)
                                          :                    09-CR-418 (DLI)
UNITED STATES OF AMERICA,                 :
                                          :
                        Respondent.       :
-------------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

On December 6, 2017, *pro se* petitioner Thomas Qualls ("Petitioner") filed the instant motion[1] requesting that the Court recuse itself from deciding Petitioner's motion for a writ of habeas corpus made pursuant to 28 U.S.C. § 2255 (the "Petition"). *See generally* Dkt. Entry No. 264 (the "Recusal Motion").[2] The government did not respond to Petitioner's motion. Prior to filing the Recusal Motion, Petitioner filed a petition for a writ of mandamus with the Second Circuit Court of Appeals, seeking to compel the recusal of this Court. *See* Dkt. Entry No. 263. The Second Circuit denied the petition for a writ of mandamus. *See* Dkt. Entry No. 265. For the reasons set forth below, the Recusal Motion is denied.

Petitioner seeks recusal of this Court under 28 U.S.C. § 455(a). Recusal Motion at 1. That section provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The Second Circuit has stated that, in evaluating a recusal motion, the court must ask the following

---

[1] In reviewing petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis, citations and internal quotation marks omitted).

[2] Unless otherwise noted, all citations are to Docket Number 07-CR-14.

question: "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or, phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (citations omitted).

Petitioner claims that the Court's bias against him is evident by its: (1) reappointment of his trial counsel, following that counsel's removal for a conflict of interest, without a waiver from Petitioner that his conflicted counsel could continue to represent him; (2) "failing to issue the final judgment after sentencing," and entering judgment after a five-month delay; and (3) "refus[ing] to issue a ruling on the underlying § 2255 [petition] filed [on] December 9, 2016." Recusal Motion at 2-5.

As an initial matter, it is well settled that recusal motions must be made "'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" *Da Silva Moore v. Publicis Groupe*, 868 F. Supp.2d 137, 151-52 (S.D.N.Y. 2012) (quoting *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)). Promptly moving for recusal permits the judge to assess the merits of the recusal motion before taking further action in the case, and also "avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." *In re Int'l Bus. Machines Corp.*, 45 F.3d 641, 643 (2d Cir. 1995).

The timeliness of a recusal motion depends on four factors: whether "(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Da Silva Moore*, 868 F. Supp.2d at 152

(citations omitted). Recusal motions brought after the entry of judgment are presumptively untimely. *See Apple*, 829 F.2d at 334 (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).

Here, the Court entered judgment against Petitioner on June 17, 2014, more than three years prior to the instant motion. *See* Dkt. Entry No. 248. Accordingly, the motion presumptively is untimely. Had Petitioner truly believed that the Court was biased against him, he could have moved for recusal following the December 17, 2012 reappointment of his trial counsel, while awaiting what he claims was a delayed entry of judgment, or upon filing his Petition on October 18, 2016. Instead, it appears that Petitioner is using a late-hour Recusal Motion improperly as a fall back position to a potentially unfavorable decision on his Petition, which is *sub judice*. The Court also finds that reassignment of the case at this late stage would be a waste of judicial resources. Since Petitioner offers no cause for the delay in bringing the instant motion, the Court finds that the motion is untimely.

Timeliness issues aside, Petitioner's Recusal Motion also lacks merit. While Petitioner claims that the Court "covered up" his counsel's conflict of interest, and it was a "miscarriage of justice" to reappoint Petitioner's original counsel (Recusal Motion at 1-2), it was Petitioner—not the Court—who sought to reinstate Petitioner's trial counsel. *See* Dkt. Entry No. 207. In a November 20, 2012 letter to the Court, Petitioner indicated that he "ha[d] spoken to Mr. Ohnuma on various recent occasions [and] he has agreed and expressed the desire to return to and be reassigned to represent the defendant for sentencing." *Id.* Petitioner further mentioned a "previous and comfortable relationship between the defendant and Mr. Ohnuma," and expressed an eagerness of have Mr. Ohnuma assigned to "expedite the process" and prevent "further delays." *Id.* Accordingly, Petitioner cannot now claim that the Court was biased in granting his request to

3

let Mr. Ohnuma resume representing him once their differences—born out of Petitioner's absconding—were resolved.

Delays in entering judgment or rendering a decision are not bases for recusal. *See, e.g.*, *Jones v. O'Keefe*, 2000 WL 1804153, at *4 (S.D.N.Y. Dec. 7, 2000); *United States v. LaMorte*, 940 F. Supp. 572, 577 (S.D.N.Y. 1996) (45-month delay in deciding Rule 35(b) motion was not ground for recusal), *aff'd* 112 F.3d 506 (2d Cir. 1997). Petitioner argues that the Court's five-month delay in entering judgment (which was entered on June 17, 2014) and delay in ruling on his section 2255 Petition warrants recusal. Recusal Motion at 4. The Court finds no cases, and Petitioner cites to none, that reach that conclusion.

Additionally, with respect to the section 2255 Petition, any delay is, at least in part, of Petitioner's own making. Petitioner filed his Petition on October 18, 2016, and it was not fully briefed until March 17, 2017. Less than six months later, Petitioner sought a writ of mandamus with the Second Circuit, which Petitioner closely followed with the instant motion. The Court held in abeyance its decision on the merits of the Petition pending the Second Circuit's determination of Petitioner's writ of mandamus, and, necessarily, must address the instant motion prior to reaching the merits of the Petition. Accordingly, the Recusal Motion is denied.

## **CONCLUSION**

For the reasons set forth above, Petitioner's motion for recusal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2018

/s/
DORA L. IRIZARRY
Chief Judge